# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
## NORFOLK DIVISION

| | |
|---|---|
| Danita Vaughan, <br><br> Plaintiff, <br><br> vs. <br><br> Account Control Technology, Inc. <br> a foreign corporation, <br><br> Defendant. | Case No.: 2:19-cv-00596 <br><br><br> **COMPLAINT** <br><br> **JURY TRIAL DEMAND** |

NOW COMES THE PLAINTIFF, DANITA VAUGHAN, BY AND THROUGH COUNSEL, Matthew J. Yao, and for her Complaint against the Defendant, pleads as follows:

## JURISDICTION

1. This court has jurisdiction under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692k(d) and 28 U.S.C. §§1331,1337.

## VENUE

2. The transactions and occurrences which give rise to this action occurred in the City of Suffolk, Virginia.

3. Venue is proper in the Eastern District of Virginia, Norfolk Division.

## PARTIES

4. Plaintiff is a natural person residing in the City of Suffolk, Virginia.

5. The Defendant to this lawsuit is Account Control Technology, Inc., which is a foreign corporation that conducts business in the State of Virginia.

## GENERAL ALLEGATIONS

6. Defendant is attempting to collect a consumer type debt allegedly owed by Plaintiff to Northcentral University in the amount of $771.00 ("the alleged Debt").

7. Plaintiff disputes the alleged Debt.

8. On March 13, 2019, Plaintiff obtained her Equifax credit disclosure and noticed Defendant reporting the alleged Debt.

9. On or about May 15, 2019, Plaintiff sent Defendant a letter disputing the alleged Debt.

10. On July 22, 2019, US Department of Education obtained Plaintiff's Equifax credit file.

11. On August 5, 2019, a prospective lender, Curo Management, LLC, obtained Plaintiff's Equifax credit file.

12. On August 6, 2019, Plaintiff obtained her Equifax credit disclosure, which showed that Defendant failed or refused to flag the account reflected by the alleged Debt as disputed, in violation of the FDCPA.

13. In the credit reporting industry, data furnishers, such as the Defendant, communicate electronically with the credit bureaus.

14. Defendant had more than ample time to instruct Experian, Equifax, and Trans Union to flag its tradeline as Disputed.

15. Defendant's inaction to have its tradeline on Plaintiff's credit reports flagged as disputed was either negligent or willful.

16. Plaintiff suffered pecuniary and emotional damages as a result of Defendant's actions. Her credit report continues to be damaged due to the Defendant's failure to properly report the associated trade line.

## VIOLATION OF
## THE FAIR DEBT COLLECTION PRACTICES ACT

17. Plaintiff reincorporates the preceding allegations by reference.

18. At all relevant times, Defendant, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

19. Plaintiff is a "consumer" for purposes of the FDCPA, and the account at issue in this case is a consumer debt.

20. Defendant is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

21. Defendant's foregoing acts in attempting to collect this alleged debt violated the following provisions of the FDCPA:

    a. 15 U.S.C. §1692e(8) by communicating to any person credit information which is known to be false or which should be known to be false, including failure to report a disputed debt as disputed.

22. To date, and a direct and proximate cause of the Defendant's failure to honor its statutory obligations under the FDCPA, the Plaintiff has continued to suffer from a degraded credit report and credit score.

23. Plaintiff has suffered economic, emotional, general, and statutory damages as a result of these violations of the FDCPA.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against Defendant for actual damages, costs, interest, and attorneys' fees.

## DEMAND FOR JUDGMENT RELIEF

Accordingly, Plaintiff requests that the Court grant her the following relief against the Defendant:

a. Actual damages;

b. Statutory damages;

c. Statutory costs and attorneys' fees; and

d. Exemplary and Punitive Damages for Defendant's willful violation of the Fair Debt Collection Practices Act.

## JURY DEMAND

Plaintiff hereby demands a trial by Jury.

DATED:  November 5, 2019           Respectfully submitted,

/s/ Matthew J. Yao
Matthew J. Yao
**Woehrle Dahlberg Jones Yao, PLLC**
VSB #81106
10615 Judicial Drive, Suite 102
Fairfax, VA 22030
Telephone: (703) 828-5299
Facsimile: (888) 618-8954
Email: myao@lawfirmvirginia.com
*Counsel for Plaintiff, Danita Vaughan*