IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

DANITA VAUGHN,

        Plaintiff,

v.                                                  CIVIL ACTION NO. 2:19cv596

GRAND BRANDS, LLC, et al.,

        Consolidated Defendant.

## OPINION AND ORDER

Unable to secure agreement from Plaintiff Danita Vaughn's attorneys to provide written authorization from their client permitting Non-party Equifax Information Services, LLC ("Equifax") to provide a copy of Plaintiff's credit report to Defendant Grand Brands LLC ("Grand Brands" or "Defendant"), Grand Brands was forced to file a Motion to Compel directed towards Equifax. ECF No. 28. The Court granted the Motion August 7, 2020, and ordered Plaintiff to show cause within fourteen days why she and/or her counsel should not pay Grand Brands' reasonable expenses, including attorney's fees, pursuant to Fed. R. Civ. P. 37(a)(5)(A), for having to pursue this Motion to Compel. ECF No. 30. Plaintiff filed her response seventeen days later. ECF No. 33. The Court then held a remote hearing on September 16, 2020, at which attorneys of record Theseus Schulze and Matthew Yao appeared on behalf of Plaintiff, and Ariel Stein appeared on behalf of Grand Brands. ECF No. 37. In addition, Carl Schwartz, a Michigan attorney with the firm Credit Repair Lawyers of America, also attended the hearing.[1] The Court took under

---

[1] Mr. Schwartz is an associate in the firm, and Gary Nitzkin is a partner in the firm. *See* ECF No. 35. Both attorneys apparently have represented Plaintiff throughout this litigation, although neither entered an appearance or sought to enter an appearance *pro hac vice*. Mr. Nitzkin did not attend the hearing.

advisement the question of whether to award Grand Brand its reasonable expenses, and now issues this Opinion and Order finding that such an award is appropriate.

Preliminarily, the information sought by Grand Brands—Plaintiff's credit report—was relevant and material to this case. Pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq., ("FCRA"), in a case such as this, Grand Brands had two means by which it could obtain Plaintiff's credit report from Equifax:

> Subject to subsection (c), any consumer reporting agency may furnish a consumer report[2] under the following circumstances **and no other**:
> (1) In response to the order of a court having jurisdiction to issue such an order, or a subpoena issued in connection with proceedings before a Federal grand jury.
> (2) In accordance with the written instructions of the consumer to whom it relates.

15 U.S.C. § 1681b(a) (emphasis added).[3] Plaintiff did not contest that this information was relevant to the case and did not oppose Grand Brands' efforts to obtain it by motion. *See* ECF No. 29 at 1 ("Plaintiff does not oppose Grands' Brands' motion to compel documents from Equifax []. Plaintiff agrees that Equifax was required to produce the subpoenaed documents to Grand Brands."). The question, therefore, is whether Plaintiff should be required to pay Grand Brands' reasonable expenses based on her refusal to agree to an authorization which would have permitted Grand Brands to obtain the requested record without having to file a motion to compel.

Where a motion to compel is granted "the court *must*, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). When a motion to compel is granted, as is the case here, Rule 37(a)(5)(A) provides

---

[2] A consumer report includes a credit report. 15 U.S.C § 1681a(d)(1).
[3] The other provisions of the statute authorizing the release of consumer reports are inapplicable here, and Plaintiff does not contend otherwise. *See* 15 U.S.C. § 1681b(a)(3)-(6).

2

for three exceptions where an award of fees is not mandatory. *See id.* Those exceptions are where: "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." *Id.* None of these exceptions apply here.

As demonstrated by the correspondence between attorney Stein and Plaintiff's attorneys, Grand Brands endeavored at length to obtain Plaintiff's written authorization permitting it to obtain the consumer report without the involvement of the Court necessitated by the requirement of a Court Order:

> Any word? Would it expedite the process if I spoke to Credit Repair on my own?
> Email from Stein to Schulze (Wed., July 1, 2020 at 5:01 pm).

> Theseus [Schulze] and Gary [Nitzkin]: As I informed Theseus on June 29, 2020, Equifax will not answer my subpoena without a court order or your client's notarized consent. I think we all agree that this information is relevant to this case and should be provided. I hope to avoid filing an unnecessary motion to compel, but time is of the essence and I need to know what your position is on your client providing consent. Please advise as soon as possible....
> Email from Stein to Schulze and Nitzkin (Thu., July 2, 2020, 11:29 am).

> Theseus and Gary: Any update on my request?
> Email from Stein to Schulze and Nitzkin (Fri., July 3, 2020 at 9:46 am).

> Ari: Just touching base, all client contact is through Gary and both him and Carl have been non responsive. I am doing my best and will continue to bother them.
> Email from Schulze to Stein (Sun., July 5, 2020 at 2:41 pm).

> Theseus: I appreciate your effort. If I don't hear back about the authorization by tomorrow I am going to go ahead and file the motion.
> Email from Stein to Schulze (Mon., July 6, 2020 at 5:11 pm).

> For my personal benefit would you mind giving me until Friday? I will continue to follow up daily? [sic] Often in cases like this with credit repair [sic] it's simply getting in contact with the client.
> Email from Schulze to Stein (Mon., July 6, 2020 at 5:12 pm).

> I am pretty nervous about running out of time before the end of discovery. Are you confident that you'll get the authorization?
> Email from Stein to Schulze (Mon., July 6, 2020 at 5:15 pm).
>
> Any response?
> Email from Stein to Schulze (Wed., July 8, 2020 at 4:41 pm).
>
> Help me out a bit here guys this is the fourth e-mail. Theseus
> Email from Schulze to Schwartz and Nitzkin (July 8, 202 at 4:44 pm).
>
> That's fine. Thanks, Carl
> Email from Schwartz to Schulze and Nitzkin (July 8, 2020 at 4:50 pm).
>
> Got something[4]
> Email from Schulze to Stein (July 8, 2020 at 5:07 pm).

ECF No. 28, attach. 4 at 2–11.

Ultimately, although attorneys Schulze and Schwartz were sympathetic to the request, attorney Nitzkin summarily overruled the others and refused to provide the requested stipulation:

> No, Theseus, we will not stipulated [sic] to an order to provide our client's credit report.
> Nitzkin email to Schulze and Schwartz, Thu., July 9, 2020 at 10:34 am.
>
> Well this is a bit of an awkward situation. Per Gary we aren't going to stipulate to an order to provide our client's credit report. Sorry for the delay on an answer Ari.
> Schulze email to Stein, Thu., July 9, 2020 at 12:52 pm.

*Id.* at 12. The emails do not reflect that attorney Yao generated, received or was copied on any of these communications.

Plaintiff's counsel advanced two arguments as to why they should not be responsible for reasonable expenses in this case pursuant to Rule 37(a)(5)(A). First, in their response to the motion to compel, counsel argued that Equifax was obligated in the first instance to comply with an attorney subpoena from Grand Brands under 15 U.S.C. § 1681b(a)(1). ECF No. 29, at 1. Citing the statute's language permitting the disclosure of a consumer report pursuant to "the order of a

---

[4] It appears the preceding Schwartz email relaying "That's fine" to Schulze was forwarded to Stein with this email, based on the caption to the Schwartz email indicating "—Forwarded message—". ECF No. 28, attach. 4 at 10.

4

court having jurisdiction to issue such an order," counsel concluded "[a] subpoena has the effect of a court order. <need cite>". [5] *Id.* Counsel concluded their argument by stating "Grand Brands' contact with Plaintiff to obtain the subpoenaed documents was superfluous and unnecessary." *Id.*

Counsel repeated their argument that Equifax should have produced the consumer report pursuant to an attorney's subpoena when they contended in their response to the Court's Order, ECF No. 30, "Equifax should have provided the subpoenaed documents in response to Grand Brands' subpoena. Thus Equifax – not Plaintiff – should be responsible for Grand Brands' expenses incurred in making the motion to compel." ECF No. 33 at 3.

Second, counsel also asserted that "Plaintiff was within her rights not to assist in the subpoena to Equifax," arguing that it was not Plaintiff who was subject to the subpoena, but Equifax, and thus Plaintiff was not compelled by any rule or other authority to assist Grand Brands in its discovery efforts. *Id.* Consequently, counsel claimed that "a genuine dispute exists" as to whether Plaintiff was required to assist with the subpoena, and therefore their refusal to do so was substantially justified. *Id.*

Counsel's legal position that an attorney subpoena constitutes an order of the court under 15 U.S.C. § 1681b(a)(1) is wholly incorrect. The plain language of § 1681b(a)(1) can only be read to permit disclosure when presented with an "order of a court having jurisdiction to issue such and order," or "a subpoena issued in connection with proceedings before a Federal grand jury." If the only subpoena which qualifies is one issued in connection with a Federal grand jury investigation, certainly a subpoena presented by an attorney in private civil litigation does not. As one court noted, "[t]he crucial words are 'and no other' in the opening phrase: 'Subject to subsection (c) of

---

[5] The highlighted reference to "<need cite>" was in the original legal memorandum, indicating counsel was advancing a legal principle for which he hoped to find authority but apparently could not. Submitting a legal brief to the Court including such a notation also indicates incredibly careless lawyering.

this section, any consumer reporting agency may furnish a consumer report under the following circumstances *and no other*.' (Emphasis added.) We must interpret a statute in terms of its plain meaning." *Chester v. Purvis*, 260 F. Supp. 2d 711, 717 (S.D. Ind. 2003)(citing *Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994) (Thomas, J., concurring). "In ascertaining the plain meaning of [a] statute, the court must look to the particular statutory language at issue, as well as the language and design of the statute as a whole." *McCarthy v. Bronson*, 500 U.S. 136, 139 (1991). FCRA places strict limitations on when consumer reports can be disclosed; it identifies specific, narrowly defined exceptions to a general rule of nondisclosure, "and no other." By the plain language and meaning of the statute, an attorney subpoena is simply not one of those exceptions.

At the hearing, attorney Schulze appeared to concede the point, after the Court questioned him regarding the plain language of the statute.[6] Instead, counsel fell back on the position that their failure to assist Grand Brands by signing an authorization was "substantially justified," presumably because the record sought was not in Plaintiff's possession, but rather in the possession of Equifax. This argument also fails. Rule 34(a)(1) plainly states that a party is obligated "to produce and permit the requesting party to inspect, copy, test, or sample . . . ***items in the responding party's*** possession, custody, or ***control***." (emphasis added). Control does not require a party to have actual possession of the documents, but instead "documents are considered to be under a party's control when that party has the right, authority, or practical ability to obtain the documents from a non-party to the action." *Goodman v. Praxair Servs., Inc.*, 632 F.Supp.2d 494, 515 (D. Md. 2009) (citations omitted). By the plain language of 15 U.S.C. § 1681b(a)(2),

---

[6] It is puzzling why counsel ever adopted this position in the first place. At the September 16, 2020 hearing, Attorney Schwartz' represented to the Court that his firm, Credit Repair Lawyers of America, was experienced in FCRA litigation. Counsel should have known, based on prior experience or upon review of the statute, that an attorney subpoena was not authorized as a means by which Grand Brands could have obtained Plaintiff's credit report. Perhaps that explains why Schwartz was initially willing to have his client sign an authorization. ECF No. 24, attach 4 at 10 ("That's fine."). Why he was overruled by attorney Nitzkin is the mystery, one that must go unsolved in light of Nitzkin's non-appearance at the hearing.

Plaintiff's consumer report was in her control. ("any consumer reporting agency may furnish a consumer report ... [i]n accordance with the written instructions of the consumer to whom it relates.").

The case of *Lynn v. Monarch Recovery Mgmt., Inc.*, 285 F.R.D. 350, 361 (D. Md. 2012) is illustrative. In *Lynn*, a consumer suit against a bill collector for violating the Telephone Consumer Protection Act, plaintiff sought from defendant, *inter alia,* records from the bill collector's telephone carrier in order to establish calls made to him by the debt collector. The Court found that, because the defendant had an account with the carrier, the defendant "likely ha[d] 'the right, authority, or practical ability' to obtain an itemized telephone bill from the carrier, and may be compelled to do so." 285 F.R.D. at 361. However, adhering to Rule 26(b)(2)(C)'s admonition to limit the extent of discovery otherwise allowed if the discovery can be obtained from some other source that is more convenient, less burdensome, or less expensive, the Court declined to order defendant to obtain and produce the records. *Id.* Instead, the court found that the records could be obtained by issuance of a subpoena. *Id.* Thus, while the *Lynn* court found records in the possession of a third party could be considered in the responding party's control, whether to compel production depended on the discovery burden imposed by issuing such an order.

Here, it is beyond dispute that the burden on Plaintiff to sign an authorization so that Equifax could lawfully disclose the requested record paled in comparison to the burden imposed on Grand Brands to have to seek court intervention through a motion to compel. Rule 37(a)(5)(A)'s mandate that reasonable expenses be awarded when a motion to compel is granted was written for instances such as that which occurred here, where Plaintiff required Grand Brands to incur significant expense, not to mention the unnecessary involvement of the Court, when a simple written authorization would have sufficed. Having no good reason to refuse to cooperate

by signing an authorization, and not contesting that the information sought was relevant and material to the case,[7] Plaintiff was not substantially justified in refusing to cooperate in discovery by permitting Defendant to acquire the document under her control in a manner that was much less burdensome to her than to Grand Brands.

Although not asserted by Plaintiff, the Court notes that Rule 37(a)(5)(A) also provides that the Court may decline to award reasonable expenses where "other circumstances make an award of expenses unjust." Under the Rule, the Court may award costs against either the Plaintiff, her attorneys, or both. The Court has been presented no information suggesting that Plaintiff Danita Vaughn was the instigating force behind the decision to refuse to cooperate. Consequently, an award of reasonable expenses will be limited to Plaintiff's attorneys. There is some irony in the proposition that the attorney whose conduct necessitated Grand Brands having to incur the expense of pursuing a motion to compel—Michigan attorney Gary Nitzkin, the lawyer who overruled attorneys Schulze's and Schwartz's desire to accommodate Grand Brands' request—is not one who can be taxed with Grand Brands' reasonable expenses. Despite exercising what seems to the Court to be veto power of any decisions made in this case ("No, Theseus, we will not stipulated [sic] to an order to provide our client's credit report."), neither of the Michigan attorneys ever entered an appearance in this case. However, in response to the Court's Show Cause directing the attorneys to explain the role being played by each of the Plaintiff's four attorneys, ECF No. 31, the attorneys went to great lengths to explain that they were all directly and substantially involved in handling this litigation on behalf of Plaintiff, and disclaimed any suggestion that the Michigan attorneys exercised exclusive or sole authority in all decisions made. *See* ECF No. 35 and attachs. 1 and 2 (Declarations of Matthew Yao and Carl Schultz). Moreover, at the hearing Plaintiff's

---

[7] Mr. Stein advised at the hearing that, once the consumer report was obtained by this Court's Order, Plaintiff was compelled to agree to a stipulation of dismissal because of what was disclosed in the record.

attorneys assured the Court that they were all involved in handling the case and making decisions. Consequently, there is nothing "unjust" about holding responsible for Grand Brands' reasonable expenses the attorneys who *have* entered an appearance in the case, i.e. Matthew Yao and Theseus Schulze.

In conclusion, an award of reasonable expenses is merited pursuant to Rule 37(a)(5)(A). The Court finds that Plaintiff's position was not substantially justified, and that such an award is not unjust. Fed. R. Civ. P. 37(a)(5)(A) ("If the motion is granted . . . the court must . . . require the party . . . whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."). Grand Brands is **DIRECTED** to submit a motion substantiating its costs and fees pursuant to the factors enumerated in *Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243–44 (4th Cir. 2009), within twenty-one days of the date of this Order. Plaintiff may file a response in accordance with E.D. Va. Local Civil Rule 7(F)(1). Once the Court reviews and determines the reasonableness of Grand Brands' costs and fees, an appropriate order shall issue.

It is so **ORDERED**.

/s/ Lawrence R. Leonard
United States Magistrate Judge

Norfolk, Virginia
September 25, 2020