IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

DANITA VAUGHN,

        Plaintiff,

v.                                                                                  CIVIL ACTION NO. 2:19cv596

GRAND BRANDS, LLC, et al.,

        Consolidated Defendant.

## OPINION AND ORDER

In its prior Order, ECF No. 38, the Court determined that Defendant Grand Brands, LLC was entitled, pursuant to Fed. R. Civ. P. 37(a)(5)(A), to the reasonable expenses, including attorney's fees, it incurred in pursuing its motion to compel against Plaintiff Danita Vaughn. The Court also determined that the fee award should be made against Plaintiff's attorneys only, based on the finding that their refusal to cooperate in discovery by authorizing Defendant to obtain Plaintiff's credit report was not substantially justified, and other circumstances did not make an award of expenses unjust. *Id.* Pursuant to that Order, Defendant filed a motion for attorney's fees. ECF No. 39. Plaintiff filed a memorandum in opposition, ECF No. 40, and Defendant replied, ECF No. 41. The matter is therefore ripe for disposition.

By its motion Defendant seeks an attorney's fee award of $23,935.83[1] and a cost award of $10.00. ECF No. 39. Because Defendant's counsel in this case is in-house, it bases the attorney fee request largely on an estimate of the time spent on resolving the discovery dispute, including

---

[1] After Plaintiff objected that the hours claimed for work performed on July 10, 2020 was erroneously inflated by one hour, ECF No. 40 at 6, Defendant conceded the point in his Reply, ECF No. 41 at 4. Nonetheless, Defendant still requested an attorney fee award "in the amount plead." ECF No. 41 at 10.

pursuing the authorization from Plaintiff, preparing the motion to compel, consulting with the client, communicating with Plaintiff's counsel and the Court, reviewing Court Orders, preparing for and attending the show cause hearing, and researching and drafting the motion for attorney's fees.[2] *Id.*, attach. 6. Defendant arrived at the $23,935.83 total for attorney's fees by calculating that counsel spent fifty-one hours on these tasks and should be entitled to a billable fee rate of $469.33 per hour. *Id.* at 6–7. After arriving at this lodestar figure, Defendant analyzed the factors[3] set forth in *Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243–44 (4th Cir. 2009), and concluded that the full lodestar amount was justified. ECF No. 39. Defendant further contended that it was entitled to $10.00 in costs associated with serving the motion to compel. *Id.* at 15.

Plaintiff opposes any award of attorney's fees on the grounds that Defendant failed to establish that the hours worked were precise or appropriate, that the reasonable hourly attorney fee rate was not supported, and that the *Johnson* factors did not support Defendant's attorney fee request. ECF No. 40. Plaintiff did not oppose Defendant's request for $10.00 in costs. *Id.* In its reply Defendant reiterated its justification for receiving the lodestar amount as requested, but suggested that the Court could set the reasonable attorney fee rate based on its own knowledge and experience. ECF No. 41.

In resolving this motion, the Court starts with the proposition that the burden is on the party requesting fees to establish their reasonableness. *Plyler v. Evatt*, 902 F.2d 273, 277 (4th Cir. 1990); *Cook v. Andrews*, 7 F. Supp. 2d 733, 736 (E.D. Va. 1998). The Court evaluates the reasonableness of attorneys' fees by comparing the requested amount to the lodestar amount, which is defined as a "reasonable hourly rate multiplied by hours reasonably expended." *Grissom v. The Mills Corp.*,

---

[2] Counsel started tracking his time on September 14, 2020, just before the September 16 show cause hearing.
[3] Commonly referred to as the *Johnson* factors, enumerated in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714 (5th Cir.1974), *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87, 109 S.Ct. 939, 103 L.Ed.2d 67 (1989))

2

549 F.3d 313, 320–21 (4th Cir. 2008). To determine the reasonableness of the hours worked and the billable rate, the Court looks to the *Johnson* factors enumerated in *Robinson*, 560 F.3d at 243-44. Specifically in connection with an award of attorneys' fees awarded pursuant to Federal Rule of Civil Procedure 37(a)(5)(A), the Court looks to (1) Factor 1: the time and labor expended; (2) Factor 2: the novelty and difficulty of the questions raised; (3) Factor 3: the skill required to properly perform the legal services rendered; (4) Factor 5: the customary fee for like work; (5) Factor 9: the experience, reputation and ability of the attorney; and (6) Factor 12: attorneys' fees awards in similar cases. *Id.; Flame S.A. v. Indus. Carriers, Inc.*, No. 2:13-CV-658, 2014 WL 4809842, at *4 (E.D. Va. Sept. 25, 2014); *Sun Trust Bank v. Nik*, No. 1:11cv343, 2012 WL 1344390, at *3 (E.D. Va. Mar. 22, 2012). Importantly, it is within the sound discretion of the Court to fix the amount of a reasonable fee. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).

In proffering that Defendant's counsel spent fifty-one hours in connection with pursuing Plaintiff's credit report and the subsequent motion to compel necessitated by Plaintiff's counsel's refusal to cooperate, Defendant relied primarily on estimates of time spent on tasks because, as in-house counsel, he is not required to keep the typical time sheets maintained by most lawyers working in private firms. ECF No. 39 at 6. These tasks included communicating with Plaintiff's counsel in an attempt to obtain Plaintiff's authorization for her credit report, researching and drafting the motion to compel, reviewing Plaintiff's discovery responses and response to the motion to compel, writing and reviewing various email communications, meeting with his client, negotiating and arranging for the dismissal of the case, and reviewing Court orders. *Id.*, attach. 6. By the Court's calculations, this time amounted to 27.2 hours. *Id.* Starting on September 14, 2020,

3

counsel began tracking his time.[4] ECF No. 39, attach. 6. By the Court's calculations, that time totaled 23.9 hours,[5] and included work performed preparing for the September 16 hearing, reviewing the Court's Order, researching the attorney's fees issue, and preparing the motion for attorney's fees. *Id.* Notably, Defendant contends that it should be recompensed for clerical and administrative work performed because counsel has no administrative support. *Id.* at 20.

With respect to the reasonable hourly rate, Defendant explained counsel's experience and background: he is a 2012 graduate from the Thomas Jefferson School of Law, general counsel to Defendant for the past three years, and was in private practice for five years before that, where his billable rate in his last year was $275 per hour. ECF No. 39, attach. 3. Defendant proffered an email from a local attorney who does outside work for Defendant advising that the "market rate for this" [presumably defense of Fair Credit Reporting Act cases] is "around $325/hr." *Id.*, attach. 5. Defendant then proffered that he was informed by another local attorney that his rate for FCRA cases is $650 per hour. *Id.* at 6. Finally, Defendant proffered the *Laffey* matrix, which posits that the appropriate billable rate for an attorney with eight to ten years of experience in 2019-2020 practicing in Washington D.C. is $433 per hour.[6] *Id.*, attachs. 3, 4. Defendant then averaged the three billable rates to arrive at a figure of $469.33 as a reasonable hourly rate. *Id.* at 6.

In determining the reasonableness of the hours worked, the Court first must determine whether the work Defendant's counsel performed was reasonably incurred in pursuing the motion

---

[4] The Court notes that it issued its Order to show cause why Plaintiff and/or her counsel should not be assessed reasonable expenses including attorney's fees pursuant to Rule 37(a)(5)(A) on August 7, 2020, ECF No. 30, and that the Order directing the parties to schedule the matter for a hearing was issued on August 28, 2020, ECF No. 36.

[5] According to the submitted time sheet, Defendant's first "Time" entry for September 16 is calculated incorrectly, because while the total is listed at 1.9 hours, the individual tasks identified total 2.0 hours. *See* ECF No. 39, attach. 6 at 3.

[6] The *Laffey* matrix stems from *Laffey v. Northwest Airlines, Inc.*, 527 F. Supp. 354 (D.D.C. 1983). Pursuant to *Laffey*, the Civil Division of the United States Attorney's Office for the District of Columbia prepares the matrix of attorney's fees based on years of experience, and is designed for use "to evaluate requests for attorney's fees in civil cases in District of Columbia courts." ECF No. 39, attach. 4, n.1

4

to compel. "Inadequate documentation is a basis for reducing or denying a fee award." *EEOC v. Nutri/System, Inc.,* 685 F. Supp. 568, 573 (E.D.Va.1988). Based on the documentation provided, Defendant has failed to carry his burden to establish the reasonableness of the hours worked. *Plyler,* 902 F.2d at 277. With respect to the hours worked, apart from the fact that over half the hours sought are merely estimated, much of the time sought is for work that is unconnected to Defendant's pursuit of the motion to compel. Rule 37(a)(5)(A) specifically permits a party to obtain reasonable expenses, including attorney's fees, "incurred in making the motion [to compel]." Many of the tasks for which Defendant seeks a fee award do not involve work incurred in pursuing the motion to compel, but instead relate to other matters, such as negotiating with Plaintiff's counsel to obtain her authorization, meeting with the client, reviewing discovery responses, sending and reviewing emails, and negotiating the dismissal of the case. These are tasks otherwise incurred in defending the case, and not made necessary because Plaintiff unreasonably withheld her authorization for the credit report. *See Lismont v. Alexander Binzel Corp.,* 47 F. Supp. 3d 443, 451 (E.D. Va. 2014) (finding that actions which constitute a normal part of the litigation process and not directly incurred in pursuing a motion to compel are not recoverable under Rule 37(a)(5)(A)).

In addition, Defendant seeks recovery for non-attorney work because counsel does not have administrative support in his office, but non-attorney work is not recoverable, especially at attorney fee rates. From the estimated billing sheets provided by Defendant it appears the time actually incurred in preparing the motion and obtaining the relief requested was 10.9 hours, incorporating work performed between July 9 and July 27. *Id.,* attach. 6.

Much of the remainder of the tasks for which Defendant seeks recompense consists of work performed in pursuing Defendant's reasonable expenses pursuant to Rule 37(a)(5)(A), including

5

preparing for and participating in the September 16, 2020, hearing, only part of which dealt with the Order directed to Plaintiff regarding the attorney fee question,[7] and preparing the attorney fee motion. ECF No. 39, attach. 6. Plaintiff contends that Defendant is not entitled to any of these expenses, arguing that Rule 37(a)(5) authorizes recovery of attorneys' fees only for work incurred in "making a motion to compel," and not for any work performed "subsequent to making the motion." ECF No. 40 at 6. In support of this argument, Plaintiff cites to *Holmes v. Gen. Dynamics Ordinance & Tactical Sys., Inc.*, No. 18-cv-19, 2019 WL 5704291, at *6 (W.D. Va. June 17, 2019). *Id.* However, *Holmes* never addressed the question of whether fees should be awarded for work performed in connection with preparing a fee petition. This Court has previously found that Rule 37 permits recovery for "all expenses, whenever incurred, that would not have been sustained had the opponent conducted itself properly." *Lismont*, 47 F. Supp. 2d at 454-55 (quoting the persuasive reasoning of *In re Stauffer Seeds, Inc.*, 817 F.2d 47, 50 (8th Cir.1987)). Consequently, Defendant may recover reasonable expenses it incurred in pursuing its motion for attorney's fees. As noted, based on review of Defendant's billing statement, it appears Defendant is claiming 23.9 hours for tasks including preparing for and participating in the September 16 hearing (5.9 hours), reviewing the Court's Order (.5 hours), performing research (3.1 hours), communicating with the Court, outside attorneys and the client[8] (0.7 hours), and preparing and filing the attorney fee motion (13.7 hours). ECF No. 39, attach. 6.

Having disregarded time spent which was unrelated to that which "would not have been sustained had the opponent conducted itself properly," the Court determined that Defendant's counsel actually spent 10.9 hours pursuing the motion to compel and, at most, 23.9 hours pursuing

---

[7] The other part of the hearing addressed the Court's other Order to show cause directed to Plaintiff's counsel regarding the potential unauthorized practice of law by her Michigan attorneys. *See* ECF Nos. 31 and 37.
[8] While it is questionable whether communication with the client is a recoverable expense here, this entry only accounts for 0.1 hours of time. ECF No. 39, attach. 6 at 3.

6

his request for reasonable expenses, including attorney's fees. Therefore, the Court next evaluates whether the hours spent were reasonable in light of the *Johnson* factors.

Under this analysis, the Court finds that the time spent on both tasks was excessive, as pursuing these motions should not have required substantial research or writing for a reasonably experienced attorney (Factor 1). First, as Defendant concedes, the time sought for preparing the motion to compel was only estimated. ECF No. 38, attach. 6. "If the documentation of hours is inadequate, the court may reduce the award accordingly." *Hensley,* 461 U.S. at 433. Defense counsel's failure to maintain time records, while understandable given his in-house counsel status, nevertheless mitigates against accepting the estimate unquestioningly. Second, the issue presented by Plaintiff's refusal to agree to provide an authorization for release of her credit report was straight-forward and simple, involving neither novel nor complex legal or factual issues (Factor 2). As discussed by the Court in its previous Order, the position of Plaintiff's attorneys to refuse to cooperate by insisting that an attorney subpoena was sufficient to obtain the record requested was contradicted by the plain language of the relevant statute, 15 U.S.C § 1681b(a)(1). ECF No. 38 at 5–6. Indeed, Defendant's counsel was aware of this requirement, which is why he insisted on obtaining the authorization in the first instance. Having been rebuffed by attorney Nitzkin in Michigan, Defendant was left with preparing a simple motion seeking this relief, which was ably drafted and proved to be successful (Factor 3). An attorney experienced at all in FCRA litigation should have been able to research, draft and finalize such a motion in less than half the time estimated. In the Court's judgment, based in part on its almost forty years of civil litigation practice and judicial experience, four hours of billable time was sufficient to process the motion to compel. In addition, one hour of hearing preparation and one-half hour to attend that part of the hearing dealing with the attorney's fees issue are reasonable.

7

Similarly, the motion for attorney's fees was also a straight-forward task clearly defined by the parameters of Rule 37(a)(5). The fact that counsel spent so much time researching (3.1 hours) and drafting (13.7 hours) this motion demonstrates a certain lack of experience in civil litigation matters, resulting in an investment of time well in excess of what should have been required. Ordinarily, absent any indicia that the fee request at issue raised out-of-the-ordinary questions or problems, no more time should be devoted to that task than to preparing the underlying motion to compel. However, Defense counsel's status as in-house attorney for defendant did raise such an out-of-the-ordinary question requiring additional research, and therefore Defendant should be compensated for additional time for this task. The Court therefore FINDS that Defendant should recover its reasonable attorney's fees as follows: 4 hours to prepare the motion to compel, 1 hour to prepare for the September 16 hearing; 0.5 hours to attend the hearing, and 5 hours to prepare the motion for attorney's fees; for a total of 10.5 hours.

With respect to the reasonable hourly rate, the Court also FINDS that the reasonableness of the rate requested has not been established, and the rate requested is excessive. First, the fact that defense counsel is in-house does not *per se* exclude Defendant from recovering attorney's fees here. *Bond v. Blum*, 317 F.3d 385, 400 (4th Cir. 2003) ("[I]n-house counsel representing the corporation for whom they work may also be awarded attorneys fees."), *abrogated on other grounds by Kirtsaeng v. John Wiley & Sons, Inc.*, 136 S. Ct. 1979, 195 L. Ed. 2d 368 (2016). As the Fourth Circuit has noted, however, "[t]he prevailing market rate [for attorney's fees] may be established through affidavits reciting the precise fees that counsel with similar qualifications have received in comparable cases; information concerning recent fee awards by courts in comparable cases; and specific evidence of counsel's actual billing practice or other evidence of the actual rates which counsel can command in the market." *Spell v. McDaniel,* 824 F.2d 1380, 1402 (4th Cir.

1987). Defendant has not proffered an affidavit attesting to the requested rate, nor pointed to recent fee awards by other courts in comparable cases. He has provided an email from one attorney that suggests a reasonable rate for FCRA defense work might be $325 per hour, which could qualify as "other evidence of the actual rates which counsel can compel in the market," but that evidence does not necessarily suggest that Defendant's counsel here could command that rate. Further, counsel advised the Court that, based on his discussions with another outside attorney, that attorney charges $650 per hour, but again that does not suggest that counsel here could command that rate. Indeed, counsel advises that, three years ago, when he was in private practice engaged in criminal defense, domestic relations and civil litigation, his rate was $275 per hour. ECF No. 39, attach. 3. Defendant's reliance on the *Laffey* matrix is also unavailing, since the matrix proposes rates for the Washington, D.C. area, not Norfolk, Virginia. "[T]he fee applicant must produce satisfactory specific evidence of the prevailing market rates *in the relevant community* for the type of work for which she seeks an award." *Robinson*, 560 F.3d at 244 (emphasis added); *Project Vote/Voting for America, Inc. v. Long*, 887 F. Supp. 2d 704, 712 (E.D. Va. 2012) (finding that the *Laffey* matrix's Washington D.C., attorney fee rates were not appropriate to use in the Norfolk Division). And finally, Defendant has failed to provide any authority for the proposition that a reasonable attorney fee rate can be determined by taking an average of the unsworn hearsay rates of two private practice attorneys and the *Laffey* matrix rate. As a result, Defendant has failed to provide an appropriate evidentiary base to support the hourly attorney fee rate it requests.

Nonetheless, in the absence of sufficient evidence, "the Court may set a reasonable hourly rate based upon its own knowledge and experience." *Rehabilitation Ass'n of Virginia, Inc. v. Metcalf,* 8 F.Supp.2d 520, 528 (E.D. Va. 1998) (citing *EEOC v. Nutri/System, Inc.,* 685 F.Supp. 568, 573 (E.D. Va. 1988); *see also Guides, Ltd. v. Yarmouth Grp. Prop. Mgmt., Inc.,* 295 F.3d

1065, 1079 (10th Cir.2002) (stating that where "a district court does not have before it adequate evidence of prevailing market rates, the court may use other relevant factors, including its own knowledge, to establish the rate"). Indeed, besides its own experience, the Court also looks to *Johnson* Factors 9 (experience, reputation and ability of the attorney), 5 (customary fee for like work) and 12 (attorney's fees awards in similar cases). With respect to Factor 9, Defense counsel spent considerable time preparing both the motion to compel and motion for attorney's fees. Having determined that 10.5 hours total was a more reasonable number of hours to complete these tasks, the Court concludes that counsel's inexperience contributed in large measure to the disparity between that number and the number of hours sought to be compensated. However, counsel's motion to compel was successful, demonstrating his ability, and his status as Director of the Tidewater Region for the Virginia Creditor Bar's Association, an elected position, demonstrates his fine reputation among the Creditors' Bar.

With respect to Factors 5 and 12, while Defendant did not cite to any evidence demonstrating a customary fee for like work or to attorney's fees awards in similar cases, the Court's own knowledge and experience permits it to look to similar cases to set a reasonable hourly rate. For instance, in *Fulton Bank, N.A. v. Monticello Woods Active Adult, LLC*, No. 4:19-CV-13, 2020 WL 6306386, at *2 (E.D. Va. Jan. 7, 2020) the defendants' failed to respond to certain discovery requests, necessitating plaintiff to pursue a motion to compel and request for legal fees. In granting plaintiff's motion, the Court found that nine hours of billable time pursuing drafting, preparing for or attending telephonic hearings on the motion to compel and request for legal fees was appropriate, and awarded plaintiff $3,587.50 based on billable rates of $450 for a member attorney and $325 for an associate attorney. *Id.* at *3–4. In *Jackson v. Pepperidge Farm, Inc.*, No. 4:11-cv-162, ECF No. 73, the plaintiff similarly failed to respond to discovery, requiring

defendant to pursue a motion to compel and request for legal fees. There, the Court found that 8.3 hours of billable time was appropriate in pursuing the simple motion, and awarded $2,840.40 in legal fees, at billable rates ranging from $450 for a senior partner to $315 per hour for a junior associate. *Id.* Finally, defense counsel's prior billable rate of $275 per hour, albeit three years ago, is some evidence of the rate he might command in the market for his services were he in private practice. Under all this circumstances, the Court FINDS that a reasonable billable rate of $300 per hour is appropriate.

Accordingly, Defendant Grand Brands Motion for Attorney's Fees and Costs, ECF No. 39, is **GRANTED**, and Defendant is awarded its reasonable expenses, including both attorney's fees and costs in pursuing its motion to compel and request for legal fees, in the amount of **$3,160.00** (10.5 hours x $300/hour + $10 costs).

The Clerk is **DIRECTED** to forward a copy of this Order to all counsel of record.

It is so **ORDERED**.

/s/ Lawrence R. Leonard
United States Magistrate Judge

Norfolk, Virginia
February 2, 2021